IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00872-BNB

STEPHEN V. HUNT, JR.,

    Applicant,

v.

BLAKE R. DAVIS,

    Respondent.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Stephen V. Hunt, Jr., is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe liberally the habeas corpus application and supporting brief because Mr. Hunt is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hunt will be ordered to file an amended pleading.

The Court has reviewed the application filed in this action and finds that the claims Mr. Hunt asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Hunt is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Hunt raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Hunt is reminded that he must allege specific facts in the Prisoner Complaint that demonstrate how each Defendant he names personally participated in the asserted violation of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In order for Mr. Hunt to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The complaint Mr. Hunt will be directed to file must be assert clearly his federal claim or claims and the relief he seeks. Mr. Hunt may not refer to or rely upon attachments to explain or provide support for the asserted claims.

In addition, the complaint must comply with Rule 10.1 of the Local Rules of Practice for this Court, which requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The application and other papers that Mr. Hunt has filed are difficult to read because they are single-spaced

and nearly illegible. *See, e.g.*, application at 2. Therefore, the complaint Mr. Hunt will be directed to file, if handwritten, must be double-spaced and written legibly, in capital and lower-case letters, preferably in black ink.

Finally, the Court notes that Mr. Hunt has been granted leave to proceed *in forma pauperis* in a habeas corpus action. However, because the Court has determined that the claims Mr. Hunt is raising are not a habeas corpus claims, the filing fee for this action is $350.00. *See* 28 U.S.C. § 1914(a). Mr. Hunt is required to pay the entire $350.00 filing fee because he is a prisoner. *See* 28 U.S.C. § 1915(b)(1). Therefore, Mr. Hunt will be ordered either to pay immediately the $350.00 filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Plaintiff, Stephen V. Hunt, Jr., file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hunt, together with a copy of this order, two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, **within thirty (30) days from the date of this order**, Mr. Hunt either pay the $350.00 filing fee or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, if Mr. Hunt fails within the time allowed to file an amended pleading as directed in this order and either to pay the $350.00 filing fee or to

file a proper motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the action will be dismissed without further notice.

DATED May 15, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00872-BNB

Stephen V. Hunt, Jr.,
Reg No. 34155-013
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on 5/15/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk