IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00872-ZLW

STEPHEN V. HUNT, JR.,

    Applicant,

v.

BLAKE R. DAVIS,

    Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the motion titled "Motion for Reconsideration of Judgement [sic] for Good Cause Shown and Prayer for Stay and Abeyance" submitted to and filed with the Court *pro se* on June 29, 2009, by Applicant, Stephen V. Hunt, Jr. Mr. Hunt, a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado, seeks reconsideration of the June 22, 2009, Order of Dismissal and the Judgment denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court must construe the motion to reconsider liberally because Mr. Hunt is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

The Court denied the application and dismissed the action because Mr. Hunt failed, within the time allowed, to file a habeas corpus application that only asserted

claims properly asserted in a habeas corpus action. The reasons for the dismissal are explained in detail in the June 22, 2009, dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; ***see also Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***Van Skiver***, 952 F.2d at 1243.

Applicant filed the motion to reconsider within ten days of the final judgment in the instant action. ***See*** Fed. R. Civ. P. 6(a). Therefore, the motion to reconsider properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). ***See Van Skiver***, 952 F.2d at 1244. Upon consideration of the motion to reconsider and the entire file, the Court finds and concludes that Mr. Hunt fails to demonstrate some reason why the Court

should alter or amend the June 22, 2009, dismissal order and the judgment in this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion for Reconsideration of Judgement [sic] for Good Cause Shown and Prayer for Stay and Abeyance" submitted to and filed with the Court *pro se* on June 29, 2009, by Applicant, Stephen V. Hunt, Jr., and which the Court has construed liberally as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 15 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00872-ZLW

Stephen V. Hunt, Jr.,
Reg No. 34155-013
USP - Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/15/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk